977 F.2d 588
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John Robert DEMOS, Jr., Plaintiff-Appellant,
v.
TIME MAGAZINE; USA Today; The Seattle Times, et al., Defendants.
 No. 91-36327.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 22, 1992.*
Decided Oct. 5, 1992.
 
 Before GOODWIN, D.W. NELSON and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John R. Demos, Jr. appeals pro se the district court's dismissal pursuant to 28 U.S.C. § 1915(d) of his civil rights action. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's section 1915(d) dismissal for abuse of discretion, Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992), and affirm.
 
 
 3
 Demos filed a civil rights complaint pursuant to 42 U.S.C. § 1983. The magistrate judge granted Demos leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). The magistrate judge found Demos' complaint to be frivolous and recommended that it be dismissed with prejudice prior to service of process. The district court dismissed the complaint without prejudice and with leave to amend.
 
 
 4
 Demos filed an amended complaint, which the magistrate judge found failed to cure the defects of the original complaint. The magistrate judge recommended that Demos' amended complaint be dismissed as frivolous pursuant to section 1915(d). The district court adopted the magistrate judge's report and recommendation and dismissed Demos' complaint. Demos timely appealed.
 
 
 5
 A district court may authorize a litigant who is unable to pay the costs of a lawsuit to proceed in forma pauperis. 28 U.S.C. § 1915(a). Nevertheless, the court may dismiss an action filed in forma pauperis before service of process if the court finds the complaint is frivolous. 28 U.S.C. § 1915(d); Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989).
 
 
 6
 A complaint is frivolous if it "lacks an arguable basis in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). In civil rights cases, a pro se litigant is entitled to notice and opportunity to amend unless it is clear that no amendment could cure the deficiency. Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987). When dismissing a complaint for failure to state a claim, the court must explain the complaint's deficiencies. Id.
 
 
 7
 A plaintiff may bring an action for civil rights violations under 42 U.S.C. § 1983 by demonstrating that defendants, acting under color of state law, deprived plaintiff of a right guaranteed under the Constitution or a federal statute. 42 U.S.C. § 1983; Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir.1988).[1]
 
 
 8
 Demos' amended complaint alleged that Time Magazine, USA Today, and the Seattle Times defamed him by identifying him as a rapist in articles printed about a Supreme Court decision. Demos alleged the publishers violated his constitutional rights by stating that he was convicted of rape, when in truth he was convicted of attempted rape. These publishers are not state actors; thus, they are not amenable to suit under section 1983. See Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir.1985), cert. denied, 478 U.S. 1020 (1986).
 
 
 9
 After receiving notice of the deficiencies of his original complaint, Demos amended his complaint to state that he was bringing a "Bivens action" against the publishers. See Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388, 389 (1971). The courts have recognized Bivens actions for money damages against federal officers for constitutional violations. Schweiker v. Chilicky, 487 U.S. 412, 421 (1988). Nevertheless, the publishers are not federal officers and did not act "under color of federal authority." See Bivens, 403 U.S. at 389. Therefore, Demos' Bivens action against these defendants was frivolous.
 
 
 10
 Demos' amended complaint also alleged that P. Robinson Martin, a Washington state public information officer, violated his constitutional rights by allegedly misinforming the media that Demos was a rapist. The complaint alleged that as a consequence of the media publication, prison staff and inmates have harassed Demos. Any collateral consequence of the publication is not actionable because such consequence is not a result of any affirmative action by the party who allegedly libeled Demos. See Paul v. Davis, 424 U.S. 693, 697-99 (1976). Therefore, the district court did not abuse its discretion in dismissing Demos' civil rights action. See Denton, 112 S.Ct. 1734.[2]
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Injury to reputation alone does not result in a deprivation of a liberty or property interest protected by the due process clause of the Fourteenth Amendment. Paul v. Davis, 424 U.S. 693, 712 (1976); Fleming v. Department of Public Safety, 837 F.2d 401, 409 (9th Cir.), cert. denied, 488 U.S. 889 (1988) (an action for damage to reputation "lies ... in the tort of defamation, and not in section 1983"). Thus, a claim for injury to reputation may not be brought under section 1983 unless it occurs in conjunction with loss of a recognizable property or liberty interest. Fleming, 837 F.2d at 409 & n. 10
 
 
 [2]
 Demos also appeals the district court's denial of his motion for appointment of counsel. The district court did not abuse its discretion in denying this motion. See Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir.1990) (counsel appointed only in "exceptional circumstances")